# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Mary Julia Norberg, individually and as Special Administrator for the estate of Earl R. Norberg<br><br>        Plaintiff,<br><br>    v.<br><br>A. B. B., INC., a corporation; A. B. B. LUMMUS GLOBAL CONSTRUCTION COMPANY, a corporation; A. C. AND S., INC., a corporation; AIRCO/THE BOC GROUP; a corporation; BECHTEL CONSTRUCTION COMPANY, a corporation; THE FLINTKOTE COMPANY, a corporation; GARLOCK INC., a corporation; THE GENERAL ELECTRIC COMPANY, a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation; MOBILE OIL CORP., a corporation; RAPID AMERICAN CORP., a corporation; TEXACO INC., a corporation; VIACOM INC., f/k/a WESTINGHOUSE ELECTRIC CORPORATION, a corporation,<br><br>        Defendants. | CASE NO **02C 2948**<br><br>**JUDGE GETTLEMAN**<br><br>In Re Asbestos Litigation<br><br>**MAGISTRATE JUDGE KEYS**<br><br>COMPLAINT<br>**DOCKETED**<br>APR 2 4 2002 |

## COMPLAINT

Now comes the plaintiff, Mary Julia Norberg, hereinafter "Plaintiff," and as special administrator for the

estate of Earl R. Norberg, hereinafter "Plaintiff's Decedent," by and through his attorneys, CASCINO

VAUGHAN LAW OFFICES, LTD., and complains of A. B. B., INC., a corporation; A. B. B. LUMMUS

GLOBAL CONSTRUCTION COMPANY, a corporation; A. C. AND S., INC., a corporation;

AIRCO/THE BOC GROUP; a corporation; BECHTEL CONSTRUCTION COMPANY, a corporation;

THE FLINTKOTE COMPANY, a corporation; GARLOCK INC., a corporation; THE GENERAL

ELECTRIC COMPANY, a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a

corporation; MOBILE OIL CORP., a corporation; RAPID AMERICAN CORP., a corporation; TEXACO

INC., a corporation; VIACOM INC., f/k/a WESTINGHOUSE ELECTRIC CORPORATION, a

1-1

corporation, hereinafter "Defendants", as follows:

## JURISDICTION

1.  Plaintiff Mary Julia Norberg is an adult citizen of Arizona. Plaintiff's address is 2900 W Superstition #3, Apache Junction, AZ 85220. Plaintiff's Decedent worked around asbestos at various job sites in the state of Illinois during his career as a Ironworker.

2.  Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3.  Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5.  Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6.  Plaintiff's Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

7.  Plaintiff's Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff's Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff's Decedent developed and was diagnosed as having Lung Cancer. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

10. Plaintiff's Decedent suffered great pain, physical impairment, mental pain and anguish, losses to his personal property and possessions, and fear of death. Because of this the Plaintiff is liable for large sums of money.

## PRODUCTS LIABILITY - NEGLIGENCE

11. It was reasonably foreseeable by Defendants that Plaintiff's Decedent and other workers would be working with or in the proximity of Defendants' asbestos products.

12. Defendants had a duty to exercise reasonable care for the safety of Plaintiff's Decedent and others who worked with or were exposed to Defendants' asbestos products.

13. Prior to, during, and after the time Defendants manufactured, produced, processed, packaged, designed, distributed, and/or shipped the asbestos products and/or asbestos insulated equipment to which Plaintiff's Decedent was exposed, Defendants knew, or in the exercise of ordinary or reasonable care ought to have known, that exposure to their asbestos products caused disease and/or death and that Plaintiff's Decedent and/or others did not know that asbestos products were dangerous or harmful.

14. Notwithstanding the aforementioned duty, Defendants, and each of them, were negligent by one or more of the following acts or omissions in that they:

    a. Failed to adequately warn Plaintiff's Decedent and/or others of the health hazards concerned with exposure to asbestos;

    b. Failed to recommend and/or provide proper protective apparel, equipment, appliances, and/or

packaging to ensure Plaintiff's Decedent's and/or other's safety;

c.    Failed to warn Plaintiff's Decedent and/or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

d.    Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

e.    Failed to instruct Plaintiff's Decedent, his employers and/or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

f.    Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

15.    As a direct and proximate result of these negligent acts and/or omissions of Defendants, Plaintiff's Decedent endured suffering and injuries set forth in paragraph 9.

## DEFENDANT SPECIFIC COUNTS

### A. B. B., INC.

### COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

16.    Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 2 - WRONGFUL DEATH

17.    Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg  and damages have been suffered by Plaintiff.

### COUNT 3 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

18.    Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the

death of Plaintiff's Decedent.

### COUNT 4 - LOSS OF CONSORTIUM

19. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

20. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

    a.    Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

    b.    Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

### A. B. B. LUMMUS GLOBAL CONSTRUCTION COMPANY

### COUNT 5 - PRODUCTS LIABILITY - NEGLIGENCE

21. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 6 - WRONGFUL DEATH

22. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 7 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

23. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COUNT 8 - LOSS OF CONSORTIUM

24. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to

any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

25. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

    a.    Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

    b.    Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## A. C. AND S., INC.

## COUNT 9 - PRODUCTS LIABILITY - NEGLIGENCE

26. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## COUNT 10 - WRONGFUL DEATH

27. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

## COUNT 11 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

28. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## COUNT 12 - LOSS OF CONSORTIUM

29. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

30. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of

the defendants, Plaintiff:

a.   Has been deprived of the services, companionship, society and relationship of Plaintiff's

Decedent since his injury.

b.   Has been hindered and prevented from transacting and attending to her usual business and

personal affairs.

## AIRCO/THE BOC GROUP

## COUNT 13 - PRODUCTS LIABILITY - NEGLIGENCE

31.   Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 14 - WRONGFUL DEATH

32.   Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Earl R. Norberg  and damages have been suffered by Plaintiff.

## COUNT 15 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

33.   Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary

Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the

death of Plaintiff's Decedent.

## COUNT 16 - LOSS OF CONSORTIUM

34.   Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to

any of the defendants, and restates and realleges such paragraphs as are stated for all those claims

(paragraphs 1 - 15, "Wrongful Death" count for this defendant).

35.   As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of

the defendants, Plaintiff:

a.   Has been deprived of the services, companionship, society and relationship of Plaintiff's

Decedent since his injury.

b.  Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## BECHTEL CONSTRUCTION COMPANY

### COUNT 17 - PRODUCTS LIABILITY - NEGLIGENCE

36.  Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 18 - WRONGFUL DEATH

37.  Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 19 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

38.  Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COUNT 20 - LOSS OF CONSORTIUM

39.  Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

40.  As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

a.  Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

b.  Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## THE FLINTKOTE COMPANY

### COUNT 21 - PRODUCTS LIABILITY - NEGLIGENCE

41. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 22 - WRONGFUL DEATH

42. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 23 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

43. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COUNT 24 - LOSS OF CONSORTIUM

44. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

45. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

    a.    Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

    b.    Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## GARLOCK INC.

### COUNT 25 - PRODUCTS LIABILITY - NEGLIGENCE

46. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

### COUNT 26 - WRONGFUL DEATH

47.   Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Earl R. Norberg  and damages have been suffered by Plaintiff.

### COUNT 27 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

48.   Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary

Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the

death of Plaintiff's Decedent.

### COUNT 28 - LOSS OF CONSORTIUM

49.   Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to

any of the defendants, and restates and realleges such paragraphs as are stated for all those claims

(paragraphs 1 - 15, "Wrongful Death" count for this defendant).

50.   As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of

the defendants, Plaintiff:

    a.   Has been deprived of the services, companionship, society and relationship of Plaintiff's

       Decedent since his injury.

    b.   Has been hindered and prevented from transacting and attending to her usual business and

       personal affairs.


### THE GENERAL ELECTRIC COMPANY

### COUNT 29 - PRODUCTS LIABILITY - NEGLIGENCE

51.   Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

### COUNT 30 - WRONGFUL DEATH

52.   Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Earl R. Norberg and damages have been suffered by Plaintiff.

## COUNT 31 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

53.   Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary

Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the

death of Plaintiff's Decedent.

## COUNT 32 - LOSS OF CONSORTIUM

54.   Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to

any of the defendants, and restates and realleges such paragraphs as are stated for all those claims

(paragraphs 1 - 15, "Wrongful Death" count for this defendant).

55.   As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of

the defendants, Plaintiff:

a.      Has been deprived of the services, companionship, society and relationship of Plaintiff's

Decedent since his injury.

b.      Has been hindered and prevented from transacting and attending to her usual business and

personal affairs.

## METROPOLITAN LIFE INSURANCE COMPANY

## COUNT 33 - PRODUCTS LIABILITY - NEGLIGENCE

56.   Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 34 - CONSPIRACY

57.   This claim is brought against defendant METROPOLITAN LIFE INSURANCE COMPANY for

civil conspiracy and Plaintiff incorporates allegations 1 - 15 above.

58.   Said defendant and co-conspirators had actual knowledge or through the exercise of ordinary care

should have known as early as the 1930's that exposure to asbestos caused serious disease and

death; that the risks and health hazards of asbestos were not widely known; and that the general public in the United States was ignorant of the hazardous properties of asbestos.

59. Defendant METROPOLITAN LIFE INSURANCE COMPANY and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a.    Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

    b.    Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

60. The conspirators, including METROPOLITAN LIFE INSURANCE COMPANY, in communications between each other and through participation in trade organizations and committees of such trade organizations, ratified and adopted the unlawful purposes and conduct of the conspiracy.

61. Defendant METROPOLITAN LIFE INSURANCE COMPANY and one or more of the conspirators performed the following tortious acts in furtherance of the conspiracy:

    a.    Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to which the Plaintiff's Decedent was exposed,

    b.    Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos or failed to instruct about precautionary measures required for protection;

62. The agreement between METROPOLITAN LIFE INSURANCE COMPANY and the conspirators and acts done in furtherance of the agreement were the proximate causes of the injuries set forth above in paragraph 9.

## MOBILE OIL CORP.

### COUNT 35 - PRODUCTS LIABILITY - NEGLIGENCE

63. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 36 - WRONGFUL DEATH

64. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 37 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

65. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COUNT 38 - LOSS OF CONSORTIUM

66. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

67. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

    a.    Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

    b.    Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## RAPID AMERICAN CORP.

### COUNT 39 - PRODUCTS LIABILITY - NEGLIGENCE

68. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 40 - WRONGFUL DEATH

69. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

## COUNT 41 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

70. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## COUNT 42 - LOSS OF CONSORTIUM

71. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

72. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

   a. Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

   b. Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## TEXACO INC.

## COUNT 43 - PRODUCTS LIABILITY - NEGLIGENCE

73. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## COUNT 44 - WRONGFUL DEATH

74. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 45 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

75.  Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COUNT 46 - LOSS OF CONSORTIUM

76.  Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

77.  As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

a.  Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

b.  Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

### VIACOM INC.

### COUNT 47 - PRODUCTS LIABILITY - NEGLIGENCE

78.  Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 48 - WRONGFUL DEATH

79.  Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Earl R. Norberg and damages have been suffered by Plaintiff.

### COUNT 49 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

80.  Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff Mary

Julia Norberg and the estate of Earl R. Norberg incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## COUNT 50 - LOSS OF CONSORTIUM

81. Plaintiff brings this claim based upon underlying theories of negligence, as deemed applicable to any of the defendants, and restates and realleges such paragraphs as are stated for all those claims (paragraphs 1 - 15, "Wrongful Death" count for this defendant).

82. As a direct and proximate result of the one or more of the aforesaid wrongful acts or omissions of the defendants, Plaintiff:

   a. Has been deprived of the services, companionship, society and relationship of Plaintiff's Decedent since his injury.

   b. Has been hindered and prevented from transacting and attending to her usual business and personal affairs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. Judgement against Defendants, jointly and severally, for compensatory and general damages in excess of $75,000 plus costs.

2. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 18th day of April, 2002.

_____

One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

# Exhibit A

## Defendants' Incorporation States and Principal States of Business

| DEFENDANT | STATE OF INCORPORATION | PRIMARY STATE OF BUSINESS |
|---|---|---|
| A. B. B., INC. | Delaware | Connecticut |
| A.C. and S., Inc. | Delaware | Pennsylvania |
| Airco/The BOC Group | Delaware | New Jersey |
| A.B.B. Lummus Global Construction | Foreign | Foreign |
| Bechtel Construction Company | Nevada | California |
| Flintkote Company | Delaware | California |
| Garlock, Inc. | Ohio | Ohio |
| General Electric Company | Delaware | Connecticut |
| Metropolitan Life Insurance Company | New York | New York |
| Mobile Oil Corp. | New York | Virginia |
| Rapid American Corp. | Delaware | Pennsylvania |
| Texaco Inc. | Delaware | California |
| Viacom, Inc. | Delaware | New York |

# Exhibit B
## Work History of Earl Norberg

| Last | First | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|------|-------|-----------|----------|--------------|----------|--------|
| Norberg | Earl | 1950 | 1964 | Commonwealth Edison (Station 18) | Joliet | IL |
| Norberg | Earl | 1950 | 1964 | Dresden Nuclear Power Station | Morris | IL |
| Norberg | Earl | 1950 | 1964 | Globe Oil & Refinery | Lemont | IL |
| Norberg | Earl | 1950 | 1964 | Joliet 9 Power Station | Joliet | IL |
| Norberg | Earl | 1960 | 1970 | Texaco Refining & Marketing | Lockport | IL |
| Norberg | Earl | 1967 | 1970 | Mobil Oil Refinery | Joliet | IL |

PLAINTIFF'S
EXHIBIT
C

## ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E.P.

Diplomate—American Boards of Internal Medicine and Pulmonary Disease
438 West St. James Place, Chicago, IL 60614 • (888) 691-8521

December 17, 2001

Michael P. Cascino, Esq.
Allen D. Vaughan, Esq.
CASCINO VAUGHAN LAW OFFICES, LTD.
403 W North Ave
Chicago, IL 60610

|  |  |
|---|---|
| RE: | Earl Norberg |
| Social Security No.: | 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 |
| Date of Birth: | June 30, 1924 |
| Date of Death | April 16, 2000 |

Dear Messrs. Cascino & Vaughan:

This is a physician's report pertaining to your above-referenced client.

Earl Norberg was a 76-year-old male residing in Mesa, Arizona at the time of his death. His principal reported employment from 1941 to 1979 was as a iron worker. During that period, he reportedly had a history of extensive exposure to asbestos dust. Mr. Norberg also reportedly was a cigarette smoker from 1945 to 1979.

The attached pathology report dated March 28, 2000 by Mr. Jeffrey L. Phet, MD indicates that your client has a history lung cancer.

In my opinion, given your client's history of extensive exposure to asbestos and asbestos dust commencing thirty four years prior to the reported findings and given the medically well-established relationship between asbestos exposure and those findings, there is a causal connection between your client's asbestos exposure and the lung cancer from which he suffers.

Further laboratory and clinical testing may reveal that Mr. Norberg suffers significant disability from a more severe asbestos-related condition than indicated by the observations stated above.

Sincerely,

Alvin J. Schonfeld, D.O.
attachment
AJS/sjl

Earl R. Norberg, individually v. A. B. B., INC., et al.

Distribution List:

A. B. B., INC.
C.T. CORPORATION
ONE COMMERCIAL PLAZA
HARTFORD, CT 06103

A. C. AND S. INC
C/O C T CORPORATION SYSTEM
208 S. LASALLE STREET
CHICAGO IL 60604

A.B.B. LUMMUS GLOBAL CONSTRUCTION CO.
C. T. CORPORATION SYSTEM
314 E. THAYER AVE., PO BOX 400
BISMARK, ND 58502

AIRCO/THE BOC GROUP
c/o CT CORPORATION SYSTEMS
208 S. LASALLE STREET
CHICAGO, IL 60604

BECHTEL CONSTRUCTION COMPANY
c/o CT CORPORATION SYSTEMS
208 S. LASALLE STREET
CHICAGO, IL 60604

FLINTKOTE COMPANY
C/O CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

GARLOCK INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

GENERAL ELECTRIC COMPANY
C/O C T CORPORATION SYSTEM
1209 N. ORANGE STREET
WILMINGTON DE 19801

METROPOLITAN LIFE INSURANCE CO
1 MADISON AVE
NEW YORK NY 10010-3690

MOBILE OIL CORP.
PRENTICE HALL CORPORATION
1201 HAYS STREET, SUITE 105
TALLAHASSEE, FL 32301

RAPID AMERICAN CORP.
PRENTICE HALL CORPORATION SYSTEM
1013 CENTER RD.
WILMINGTON, DE 19805

TEXACO INC.
PRENTICE HALL CORPORATION SYSTEM
1013 CENTER RD.
WILMINGTON, DE 19805

VIACOM, INC.
C/O CT CORPORATION SYSTEMS
1515 BROADWAY
NEW YORK, NY 10036

JS 44 (Rev. 3/99) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

Mary Julia Norberg, individually and as Special Administrator for the estate of Earl R. Norberg

**DEFENDANTS**

A.B.B. INC., et al    DOCKETED

APR 2 4 2002

02C 2948

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago Illinois 60607
(312) 944-0600  -  (312) 944-1870 (fax)

Attorneys (If Known)

JUDGE GETTLEMAN

MAGISTRATE JUDGE KEYS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander ☒ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt.Reporting | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | & Disclosure Act | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 740 Railway Labor Act | Determination Under Equal |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| | | ☐ 550 Civil Rights | or Defendant) | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC § 1332

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** Over $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 4/24/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DOCKETED
APR 2 4 2002

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Mary Julia Norberg, individually and as Special Administrator
for the estate of Earl R. Norberg

      **Plaintiffs,**

      v.

A.B.B. INC., et al.

      **Defendants.**

CASE No.: **02C 2948**

JUDGE GETTLEMAN

MAGISTRATE JUDGE KEYS

**Appearances are hereby filed by the undersigned as attorney of record for:**
Mary Julia Norberg, individually and as Special Administrator for the estate of Earl R. Norberg

| (A) | (B) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME:    Michael P. Cascino | NAME: |
| FIRM:   Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 | FIRM:   Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 |
| IDENTIFICATION NUMBER:   3124122 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR:   YES [X]   NO [ ] | MEMBER OF TRIAL BAR:   YES [ ]   NO [ ] |
| TRIAL ATTORNEY:   YES [X]   NO [ ] | TRIAL ATTORNEY:   YES [ ]   NO [ ] |
| (C) | (D) |
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM:   Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 | FIRM:   Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR:   YES [ ]   NO [ ] | MEMBER OF TRIAL BAR:   YES [ ]   NO [ ] |
| TRIAL ATTORNEY:   YES [ ]   NO [ ] | TRIAL ATTORNEY:   YES [ ]   NO [ ] |

